THE STATE v. RUSH, *Appellant.*

**Witness, Impeachment of.** An impeaching witness cannot be asked whether he would believe the former witness on oath; and it is specially objectionable to ask him whether from his own knowledge of the former witness he would believe him on oath. The inquiry should be as to his general reputation for truth and veracity in the community in which he lives.

*Appeal from Washington Circuit Court.*—HON. L. F. DIN-NING, Judge.

AFFIRMED.

*Geo. D. Reynolds* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

HOUGH, C. J.—The defendant was indicted under section 35, page 504, 1 Wagner's Statutes, for selling fermented and distilled liquors on Sunday. He was found guilty and sentenced to pay a fine of $5.

No brief has been filed on behalf of the defendant.

The indictment is in proper form, and the testimony supports the verdict.

One of the witnesses introduced for the purpose of impeaching the character of Jasper Perryman, the prosecuting witness, was asked the following question: "From your knowledge of Jasper Perryman, and your knowledge of his character for truth and veracity in the neighborhood in which he lived, would you believe him on oath?" The refusal of the court to permit the witness to answer this question was excepted to by the defendant, and made one of the grounds for his motion for a new trial. The court properly refused to permit the witness to answer the question. Whether the witness Perryman was worthy of being believed on oath, was a question for the jury to determine from the testimony before them as to his general reputation for truth and veracity in the community in which he

lived, and not a matter upon which the impeaching witness could properly express his own opinion.   Wharton's Crim. Ev., (8 Ed.) § 58; Taylor's Ev., § 350.   Even if the opinion of the impeaching witness were competent evidence, the question propounded would have been inadmissible for the reason that the witness was asked for an opinion based upon his personal knowledge of Perryman, as well as upon knowledge of his general character.

There is no error in the instructions of which defendant can complain.   The court erroneously restricted the jury to sales by the defendant in quantities less than one gallon, and declared the maximum fine to be $40; but these errors were favorable to the defendant.

The judgment of the circuit court will be affirmed. The other judges concur.