STATE v. ANTHONY THEBEAU, Appellant.—No. 38198.—169 S. W. (2d) 373.

Division Two, March 25, 1943.

*Samuel Richeson* for appellant.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assistant Attorney General, for respondent.

TIPTON, J.—In the circuit court of Washington County, the appellant was convicted of the crime of statutory rape, and his punishment was assessed at two years in the state penitentiary.

Edna Roderick, the prosecutrix, testified that on December 8, 1939, she, appellant, her mother, and her brother came from Richwoods to the Roderick home. Later in the day, appellant asked her to walk with him to the house of a neighbor, Louis Bourbon, which was about a mile away. She consented to go with him. When they were about half way there, she testified she had sexual intercourse with the appellant. Prosecutrix told her sister of this assault, but the record does not show when this was done with reference to the assault. She further testified that she was thirteen years old when this assault took place.

Appellant took the witness stand and admitted riding home with the Rodericks on December 8, 1939, but denied having made the assault, and stated that he stayed at Rodericks' home until late that evening, and did not leave there with the prosecutrix.

Appellant's general reputation for being a law abiding citizen was proven good.

The weight of the evidence was for the jury. From the foregoing, it is clear that there was direct and positive evidence of appellant's guilt, and there is nothing in the contention that the verdict was not supported by substantial evidence.

The appellant contends that the trial court erred in permitting Howard Centers to testify over his objection that the prosecuting witness had a good reputation for truth and veracity, when such reputation had not been attacked or put in issue by him. We have so ruled. State v. Thomas, 78 Mo. 327; State v. Cropper, 327 Mo. 193, 36 S. W. (2d) 923; State v. Jenkins, 327 Mo. 326, 37 S. W. (2d) 433; State v. Harlow, 327 Mo. 231, 37 S. W. (2d) 419.

The State admits this was error, but contends that it was not prejudicial error, and relies upon the case of State v. Long, 209 Mo. 336, 108 S. W. 35. In that case, when the witness was asked about the deceased's reputation as a peaceable, law abiding citizen, the defendant objected and said "for the reason that his good reputation is conceded."

In this case, there was no such concession made. Moreover, the evidence was in sharp conflict. The prosecutrix testified the act

happened, while the appellant denied that he had sexual relations with prosecutrix.

We believe the admission of this evidence was prejudicial. This is especially true, where, as here, the testimony was very conflicting, and where it would seem to require but a slight circumstance to turn the scale either way with the jury.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded. It is so ordered. All concur.