**STATE of Missouri, Respondent,**

v.

**Arthur RATLIFF, Appellant.**

**No. WD 32291.**

Missouri Court of Appeals,
Western District.

April 27, 1982.

Robert A. Simons, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Arthur Ratliff was convicted by a jury on two counts of sodomy and was sentenced to concurrent terms of eight years. On this appeal, he takes no issue with the sufficiency of the evidence, thus obviating the necessity for recounting the facts upon which the jury adjudicated the issue of guilt.

In his first point, Ratliff contends he was entitled to dismissal of the indictment because, in violation of § 545.780, RSMo 1978, he was not brought to trial within 180 days of arraignment. The record does reflect the date of Ratliff's arraignment to have been December 18, 1979 and the date of trial July 23, 1980, an elapsed time of 218 days. On June 10, 1980, Ratliff filed a motion to dismiss on the ground of delay in bringing the case to trial. The trial court overruled the motion on June 16, 1980 without findings or comment. Ratliff's point is twofold; first, that the statute and the time computation alone were sufficient to require his discharge. Second, he argues that the state is not entitled to the benefit of discretionary action by the trial court under the statute because no record was made by the court showing reasons for the action taken.

Ratliff's argument overlooks or ignores delays occasioned in his case by pretrial motions which he filed. On February 1, 1980, Ratliff moved to dismiss the indictment on the ground that no record was made of proceedings before the grand jury which returned the indictment.

While that motion yet pended, he moved on February 19, 1980 for dismissal on a claim of multiplicitous counts and double jeopardy. Finally, on February 21, 1980, he moved for dismissal alleging the insufficiency of the arrest warrant. All of the foregoing motions were overruled by the trial court on April 17, 1980. The elapsed time from February 1, 1980 to the date of that ruling amounted to 76 days which, if excludable from computation of the 180-day time limit, brings his trial date well within the statutory mandate.

Section 545.780.3(1)(c), RSMo 1978 provides:

"3. The following periods of delay shall be excluded in computing the time within which the arraignment or trial of any such offense must commence:

(1) Any period of delay resulting from other criminal proceedings concerning the defendant, including but not limited to:

\* \* \* \* \* \*

(c) Delay resulting from hearings on pretrial motions."

While Ratliff asserts that none of the excusable causes for delay enumerated in the statute are relevant to this case, he fails to advance any argument as to why the period from February 1 to April 17, 1980 consumed in disposition of the pre-trial motions he had filed is not excludable under the provision above cited.

Quite apparently, the motions filed by Ratliff between February 1 and February 21, 1980 required disposition before trial could commence and, to the extent hearings on those motions delayed the trial, that time is excludable from the computation under the statute. At the same time, it may also be reasonably assumed that the motions lay without ruling until April 17, 1980, at least for some number of days, because the court was occupied with other business and not because Ratliff was instrumental in postponing a decision. The failure by Ratliff even to recognize that some period is excludable because of the motions he filed deprives the court of any argument as to what time should be assigned and deducted on this account.

It is unnecessary to confront in this case the issue of what number of days between February 1 and April 17, 1980 is to be deducted under § 545.780.3(1)(c), RSMo 1978 in computing the time allowable for bringing Ratliff to trial. This follows because Ratliff bears the burden under the statute of showing that any delay beyond the statutory limit was occasioned by the state. *State v. Newberry*, 605 S.W.2d 117, 124 (Mo.1980). Even were it assumed that no tolling was accomplished by presentation of Ratliff's three pre-trial motions, he was

nevertheless not entitled to invoke the potential remedy of dismissal of the charges unless he met the threshold requirement of showing that delay of his trial beyond 180 days was occasioned by the state.

In *State v. Richmond*, 611 S.W.2d 351 (Mo.App.1980), this court held that a defendant meets his burden to show trial delay occasioned by the state when he produces a record confirming that trial was not had within 180 days of arraignment. This follows because it is the duty of the state to bring the defendant to trial and the state may not excuse delay by its neglect to move the case forward. In this case, however, the delay between February 1 and April 17, 1980, a sufficient time if deducted to meet speedy trial requirements, was not occasioned by activity or inactivity by the state but by the pending unruled motions Ratliff had filed.

■ No case has been cited to us and independent research has disclosed none which settles upon the state a presumptive responsibility for trial delay caused by unruled motions filed by the defendant. A more reasonable view would require that the proof show which of the parties acted to advance and which delayed disposition, or if the delay was merely that normally incident to the pre-trial relief sought. That is not to say that a defendant necessarily bears the consequence of delay merely because he authored the unruled motion. Under the statute, however, it is the initial burden of the defendant to show the state was responsible for the delay. If the proof fails to demonstrate that the state caused or contributed to cause delay in disposition of the motion, or if the delay was merely a normal and reasonable period necessary to a studied disposition of the defendant's motion on the merits, the delay was not occasioned by the state and the defendant makes no case for discretionary consideration of the penalty of dismissal.

■ In the present case, Ratliff made no attempt to show that his pre-trial motions filed between February 1 and February 21 were not ruled until April 17 because of any act or omission by the state or that he was rebuffed in attempts to obtain an earlier ruling himself. Moreover, the elapsed time of less than 60 days between the filing of the last motion and the ruling on all the motions can scarcely be considered abnormal or tardy in a metropolitan circuit with an extensive criminal trial docket. On this record, Ratliff was not entitled to invoke the sanctions of § 545.780.5, RSMo 1978 because he failed to meet the preliminary requirement of showing a delay in trial beyond 180 days occasioned by the state.

On the same point, Ratliff also contends that the trial court was obligated under the statute to make a record showing the reasons why his motion to dismiss was overruled. He argues that the summary entry denying his motion gave no reason and was thus error.

Under § 545.780.5, RSMo 1978, the court is required to make a record showing the action taken in regard to dismissal or continuance showing also the reasons for such action. In *State v. Richmond, supra,* the rationale of the statute was analyzed and it was noted that the decision to dismiss a charge for failure to provide the defendant a speedy trial is an exercise of discretion by the trial court. The exercise of that discretion is reviewable on appeal. Various factors to be considered by the court in passing upon the motion to dismiss are enumerated in the statute. The requirement that the trial court justify its ruling on the record serves to aid the reviewing court in its evaluation of the ruling, particularly with recognition of the factors which the legislature has described.

■ All of the foregoing, however, assumes that the trial court is called upon to decide whether to dismiss a case because the defendant was not tried within 180 days for causes occasioned by the state. If the defendant has not carried the initial burden of proof, there is no discretionary decision to be made and no accompanying necessity to justify the decision of record by a statement of reasons. Where, as here, the defendant has made no showing that delay of his trial beyond 180 days was occasioned by

the state, no necessity for a statement of reasons arises and summary disposition is appropriate.

In his second point, Ratliff complains of improper redirect examination by the state of its witness Bobbie Jean Ratliff, the defendant's wife. Testimony had previously been adduced by the state from the two victims R. M., age 8 and T. P., age 12. Witness Ratliff was asked by the state whether she thought R. M. and T. P. were exaggerating about the incident and whether she believed them. Over defendant's objection, the witness was permitted to answer the questions, affirming her confidence that her daughters were accurately describing the events. Defendant asserts that it was error to permit one witness to express an opinion as to whether another witness has testified truthfully and cites *State v. Rush*, 77 Mo. 519 (1883) and *State v. Thebeau*, 350 Mo. 956, 169 S.W.2d 373 (1943).

Were the record to consist only of the challenged redirect examination, the point would be valid because the issue of credibility is injected by showing the general reputation of a witness for truth and veracity. *State v. Lane*, 371 S.W.2d 261 (Mo.1963). Testimony by one witness as to whether or not she believes the testimony of another witness does not prove reputation but infringes upon the decision reserved for the fact finder. Here, however, it was the defendant who first raised the issue in cross-examination of the witness. The redirect inquiry was retaliatory and rehabilitative.

On cross-examination of the witness, Ratliff's attorney inquired whether the two girls, R. M. and T. P., " * * * are apt to exaggerate stories to you or have been doing that quite a lot * * *." Inquiry was also made of the witness about a prior incident when one of the girls reported objectionable contact by Ratliff and whether it had been done for the purpose of gaining some favor from the mother.

As was noted in *State v. Gaskin*, 618 S.W.2d 620, 625 (Mo.1981), the question in such cases is whether a party is entitled to rehabilitate its witness after matter has been developed on cross-examination tending to refute or weaken the evidence the witness has given. To what extent rehabilitation is permitted lies primarily in the discretion of the trial court. *State v. Gaskin, supra.* The general rule is that a witness may be properly interrogated on redirect examination as to any matter which tends to remove inferences or suggestions which might have resulted from testimony on cross-examination. *State v. Gatlin*, 539 S.W.2d 731 (Mo.App.1976).

In the present case, defendant opened the subject of the witness's opinion as to whether the girls' testimony was unworthy of belief because they tended to exaggerate accounts of events. We cannot conclude that the trial court abused its discretion in permitting the state to pursue the same line of inquiry on redirect examination despite the conclusion that the testimony, both on cross-examination and on redirect examination, was inappropriate to the issue of credibility.

The judgment is affirmed.

All concur.