**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terry SHEPARD, Defendant-Appellant.**

**No. 13607.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 14, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 29, 1984.

John D. Ashcroft, Atty. Gen., Michael Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stanley Brian Cox, Gary W. Fleming, Fleming & Fritz, Inc., Sedalia, for defendant-appellant.

GREENE, Judge.

Defendant, Terry Shepard, was jury-convicted of second degree burglary, § 569.-170,[1] and stealing, § 570.030, and thereafter sentenced by the trial court to one year imprisonment on each charge in accordance with the jury verdicts. The information charged that Shepard unlawfully entered a building in Vernon County, Missouri, owned by the estate of Lula Kircher, for the purpose of stealing and that he stole property of the estate with a value of at least $150 which was in the building.

The first trial on the charges was held in Vernon County on September 29, 1981. Defendant was found guilty and was sentenced to two years' imprisonment on each charge. Shepard's conviction was reversed and the cause remanded by the Missouri Court of Appeals, Western District, for evidentiary error. *State v. Shepard,* 654 S.W.2d 97 (Mo.App.1983).

In his brief filed here, Shepard states that he admitted in his testimony at the first trial that he entered a home located at Rural Route 1, Nevada, Missouri, owned by the estate of Lula Kircher and assisted two other individuals, one of whom was Mark Jackson, in removing personal property from the home. Shepard further testified that Jackson had told him the home and

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

furnishings were his grandmother's and "his grandmother had died a year or two ago and in the will she left it to him and his sister ...." By this testimony, Shepard was trying to show that he had no intent to commit the crimes of burglary and stealing when he entered the home. Jackson had admitted that he and Shepard had planned and carried out the burglary and theft in question.

On September 16, 1983, the case was transferred to Barton County on a change of venue and set for trial on October 13, 1983. Before that date, Shepard's request for a continuance was granted, and the trial was reset for November 9, 1983. On the date of trial, the prosecuting attorney requested that he be permitted to read the testimony of Jackson given at the first trial for the reason that Jackson was unavailable as a witness and that a good faith effort had been made to locate and subpoena him. After an evidentiary hearing, the trial court granted the request, over the objection of defendant.

In his first point relied on, Shepard contends that the state failed to make a good faith effort through the exercise of reasonable diligence to produce Jackson as a live witness at the second trial and, therefore, the use by the state of Jackson's first trial recorded testimony as evidence was reversible error.

■ Shepard's attorney did not object at trial to the use of the transcript of Johnson's prior testimony on the grounds of the state's failure to make a diligent attempt to find Jackson, but rather objected to certain testimony in the transcript which he considered inadmissible, which testimony, incidentally, was stricken by the trial court. Where the trial objection to the admission of evidence is based on a specific ground, and a different reason for the objection is asserted on appeal, nothing is preserved for review. *State v. Williams*, 575 S.W.2d 838, 840 (Mo.App.1978).

Even if we were to review the point on plain error grounds, the record made at the hearing before the trial court conclusively establishes that the state made a diligent and good faith effort to find Jackson prior to trial. The prosecuting attorney in this case not only issued three subpoenas for Jackson, it questioned his friends, relatives, parole officer and others in an effort to find him. The facts in this case concerning the effort to find Jackson parallel those in *State v. Denmon*, 635 S.W.2d 345 (Mo. 1982), where our supreme court found that a good faith effort was made to obtain the presence of the witness at trial. The point is denied.

■ In his remaining point, Shepard argues that the information charging him with burglary and stealing was defective, as the stealing portion of the charge failed to advise Shepard of the possibility of a fine as punishment. No objection was made to the information prior to or during trial. Defenses or objections based on defects in an information, other than failure to show jurisdiction in the court or to charge an offense, may be raised only before trial. Failure to raise such an objection constitutes a waiver. Rule 24.04(b).2; *State v. Donnell*, 430 S.W.2d 297, 301 (Mo. 1968).

Even if the information was defective for the reason urged, it was not fatally so, as it sufficiently advised Shepard as to the charge against him. In addition, count I (burglary) contained the magic number (§ 560.011) advising defendant that a fine was possible punishment for a class C felony. Second degree burglary and stealing of articles worth at least $150 in the progress of a second degree burglary are both class C felonies.

In addition, instructions 5 and 8, which were the verdict directing instructions, specifically advised the jury that they could assess a fine as punishment on both the burglary and the stealing charge. Even if considered on the merits, we fail to see where Shepard was prejudiced by the defect in the information that he has belatedly claimed as a trial court error. The point has no merit.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.