**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Earsel Larry JOHNSON,**
**Defendant-Appellant.**

No. 48249.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 31, 1984.

Donald J. Hager, Public Defender, Farmington, for defendant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals conviction in a jury-tried case of burglary in the second degree in violation of § 569.170, RSMo.1978. He was sentenced as a prior offender to serve a term of fifteen years.

The issues on appeal are defined by a pro se motion for new trial together with a motion for new trial filed by counsel on defendant's behalf. The trial court overruled both motions. Appellant's brief on appeal refers to seventeen points relied on, four of which are argued. The points not argued were included in the brief at defendant-appellant's request. All of the points relied on contend appellant is entitled to a new trial. They are of a technical nature and do not assert that the state failed to make a submissible case.

The evidence supports a finding that appellant, together with Larry Irby, Susan Jones and Allana Berenski Kelly burglarized Plummer's Gamble Hardware Store in Farmington, Missouri on February 27, 1983. Appliances, watches, tools and other merchandise were removed from the store in the middle of the night. The burglary was accomplished by breaking into the store through a window, removing the merchandise and transporting it in a van occupied by the four participants to the home of Jones and appellant. The next day Ms. Kelly and appellant made arrangements to sell some of the stolen merchandise.

Several weeks later Ms. Kelly was arrested for an unrelated forgery charge and while on bond on that charge she gave a statement to the police describing the burglary. Relying on her statement the police obtained a search warrant for the residence in which appellant and Ms. Jones lived.

The police went to the home, identified themselves and Ms. Jones invited them to search while appellant was asleep in a bedroom. With the permission of Ms. Jones they removed a number of items which were identified by the store owner at trial as having been taken in the burglary.

■■■ We first dispose of the pro se contentions of error. Our study of the legal file and transcript indicates that the amended information on which the case was tried adequately informed the defendant of the charge; that all exhibits which were admitted without objection were properly admitted; that there was evidence from which the court could and did find defendant was a prior offender; that the statutory provisions for such findings are constitutional; and, there was no plain error in the pretrial proceedings relating to the prosecution of this case. These points are denied. Rule 84.14.

■■■ Defendant also argues that the search of the home was invalid because there was no valid search warrant. However one was not needed because the home owner gave her permission to search the home. *State v. DuBose*, 617 S.W.2d 509, 513 (Mo.App.1981). There was no plain error in failing to declare a mistrial when the prosecutor stated during closing argument that there was no plea bargaining in that county. The judge admonished the jury to disregard the statement. *State v. Brueckner*, 617 S.W.2d 405, 410 (Mo.App. 1981). Defendant claims his motion to dismiss based on the speedy trial act should have been granted because his trial was held more than 180 days after arraignment. However 66 days are not to be counted because that was the time during which the pretrial motions were being decided. § 545.780(3)(1)(c), RSMo.Supp.1984. The trial was timely. *State v. Ratliff*, 633 S.W.2d 267, 270 (Mo.App.1982).

The remaining claim of error relates to an exhibit which was admitted over objection that it constituted hearsay and violated appellant's constitutional right to confront witnesses. The exhibit in question was the

voluntary written statement Ms. Kelly gave to the police. The statement was identified by Ms. Kelly during her testimony and received as state's Exhibit 22 during her redirect examination.

Cross-examination of Ms. Kelly was directed to an attack on her credibility. Defendant's attorney attempted to prove that Ms. Kelly fabricated her testimony to facilitate a plea bargain between herself and the prosecuting attorney's office on the forgery charges. During cross-examination, the defense attorney questioned Ms. Kelly about the circumstances surrounding her testimony, inferring that the prosecutor's office had offered her probation in a pending forgery charge on the condition that she testify against the defendant. He also implied that her testimony was false and recently fabricated in order to meet the terms of the plea bargain.[1] Ms. Kelly acknowledged that a plea bargain was made with respect to the forgery charge, but denied making the bargain until after she had informed police of the burglary.

On redirect, the state offered Exhibit 22 to permit the jury to determine whether Ms. Kelly had made a statement to the police prior to her initial contact with the prosecutor's office and before a plea bargain was considered. The statement was consistent with her in-court testimony and indicated that the testimony was not recently fabricated.

█ We find no error in admitting the prior consistent statement for the purpose of rehabilitating the witness and rebutting the inference of recent fabrication.

The rationale of the hearsay rule is that when a statement is offered as evidence of the truth of the facts asserted in it, the credit of the asserter becomes the basis of the inference, and therefore the assertion can be received only when made upon the witness stand, subject to cross-examination. If, however, an extrajudicial statement is offered without reference to the truth of the matter asserted, the hearsay rule does not apply. *State v. Henderson*, 666 S.W.2d 882, 887 (Mo.App.1984). Ms. Kelly's statement contained in Exhibit 22 was extrajudicial. However, she was an in-court witness and was subject to cross-examination on both her testimony offered in court and with regard to the exhibit. The exhibit was not offered until after defendant raised the issue of recent fabrication. As it was consistent with the in-court testimony it offered no new evidence of defendant's guilt which was not subject to the test of cross-examination. In addition, the exhibit was offered not for the truth of the statements made but to rebut an inference of recent fabrication raised by the defendant's cross-examination.

In the recent case of *State v. Henderson*, 666 S.W.2d 882 (Mo.App.1984) the court found no prejudice in permitting a witness to give testimony of a prior consistent statement of another witness in order to rebut an inference of recent fabrication raised by the defendant's cross-examination of the first witness. The *Henderson* court cited the following Missouri cases on the admissibility of a statement offered in rebuttal to a charge of recent fabrication: *State v. Richardson*, 349 Mo. 1103, 163 S.W.2d 956 (1942); *State v. Higgs*, 259 S.W. 454 (Mo.1924); *Wills v. Sullivan*, 211 Mo. App. 318, 242 S.W. 180 (1922); and *State v. Taylor*, 134 Mo. 109, 35 S.W. 92 (1896). In the most pertinent, *State v. Higgs*, the testimony of an identification witness was

---

1. The exchange was as follows:

Q– Now, there was a plea bargain between your lawyer and the prosecutor's office concerning the forgery case?
A– Yes, sir.
Q– The bargain was that if you would testify against Larry Johnson, you would get probation in the forgery?
A– No, sir. It was that if I would testify and tell the truth about what would happen, they would try to help me get probation.

Q– You got probation.
A– Yes.
....
Q– You're telling us that you don't know if they are going to charge you with this burglary?
A– I'm really not sure ...
Q– It sort of depends on how you do as a witness, doesn't it?

supported by a second state's witness. On cross-examination, the identification witness acknowledged that he had previously said that he did not know the robber. The supporting state witness was allowed to testify over a hearsay objection that the identification witness had identified the robber by name shortly after the incident. The supporting witness' testimony was held admissible to rebut a charge of "recent fabrication." 259 S.W. at 457.

Our examination of state's Exhibit 22 indicates that it is entirely consistent with the direct testimony of Ms. Kelly. It added nothing to the evidence of the appellant's participation in the crime charged. Because the declarant was a witness subject to cross-examination the rationale of the hearsay rule was not violated and its admission was not prejudicial to appellant. The admission of the statement as an exhibit may have rehabilitated the credibility of Ms. Kelly but it did not offer new evidence in the form of hearsay which was not subject to cross-examination. Accordingly the exhibit was properly admitted for the purpose offered.

For the reasons given we find no error. We affirm.

REINHARD, C.J., and DOWD, J., concur.