STATE of Missouri, Plaintiff-Respondent,

v.

Joseph SINGLETON, Defendant-Appellant.

No. 48677.

Missouri Court of Appeals, Eastern District, Division One.

June 11, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

---

Retta-Rae Randall, Public Defender, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

This is an appeal from a judgment entered on a jury verdict convicting appellant of murder in the second degree and armed criminal action. §§ 565.004, 571.015, RSMo.1978. Appellant was sentenced to concurrent terms of imprisonment of 24 years for the second degree murder and 3 years for the armed criminal action. The judgment is affirmed.

Appellant contends the trial court erred in: (1) overruling his motions for judgment of acquittal because the evidence is insufficient to support a conviction for murder in the second degree and (2) overruling his objection to questions asked by the state regarding the witness's knowledge of a prior arrest of appellant.

Appellant first contests the submissibility of the state's case. "When the sufficiency of evidence is challenged, the reviewing court is obliged to accept as true all direct or circumstantial evidence favorable to the verdict and all reasonable inferences which may be drawn from that evidence, while ignoring all evidence to the contrary." *State v. Malady*, 669 S.W.2d 52, 53 (Mo.App.1984).

The evidence most favorable to the state shows that appellant followed the victim out of a bar and demanded to know why the victim was showing disrespect for appellant's girlfriend. After denying appellant's accusation of disrespect, the victim walked away. Appellant then grabbed the victim, spun him around and stabbed him twice in the area of the chest or stomach with a knife. The victim broke away, but tripped after running about ten or eleven feet. Appellant grabbed the victim again and stabbed him twice more. The victim died of a stab wound to his heart.

"The elements of conventional second degree murder are 'the (1) willful, (2) premeditated, (3) killing, (4) of a human being, (5) with malice aforethought.'" *State v. Moody*, 645 S.W.2d 152, 154 (Mo.App.1982).

■ That the killing was willful or intentional is presumed from the assault with a deadly weapon in such a manner as to naturally, probably or reasonably produce death. *See State v. Williamson*, 657 S.W.2d 311, 312 (Mo.App.1983). "Premeditation need exist but for a moment only." *Id.* Here, appellant premeditated within the meaning of second degree murder when he spun the victim around after the victim turned to walk away. "Malice may constitutionally be presumed from a killing accomplished by use of a deadly weapon upon a vital part of the body." *Id.* Stabbing the victim in the heart with a knife may give rise to the presumption of malice.

■ Appellant maintains the present case falls within the scope of *State v. Whited*, 360 Mo. 956, 231 S.W.2d 618 (1950). There the court held the presumption of malice was conclusively rebutted by "uncontradicted evidence of a killing in the heat of passion." *Id.* 231 S.W. at 621. The defendant and the deceased had become

engaged in a barroom brawl during which the deceased had violently beaten the defendant and within ten seconds of the beating the defendant drew his pistol and shot and killed the deceased. *Id.* Here, the defendant's evidence that the killing was in the heat of passion is not uncontradicted. The evidence favorable to the state shows neither threatening gestures by the victim nor a fight between appellant and the victim. Instead, appellant stabbed the victim after he had turned to leave. Point I is denied.

Appellant's second contention is that the trial court erroneously permitted the prosecutor to ask a defense witness if she had knowledge of appellant's arrest on the charge of carrying a concealed weapon because evidence of the commission of a separate and distinct crime is inadmissible. No such objection was made in the trial court.

The incident arose when the prosecuting attorney attempted to question a defense witness about her knowledge of appellant's ever having been arrested. Before the question was completed, appellant's attorney objected and a bench conference ensued. The prosecutor indicated to the court that he wished to question the witness about a series of arrests from 1969 through 1983. His theory was that appellant, by putting at issue the victim's reputation for violent behavior, had placed his own reputation for violence at issue as well. *See State v. Hill,* 614 S.W.2d 744, 752 (Mo.App.1981). The only objections made by appellant's attorney were "that's hearsay" and later "she hasn't known him during any of those dates. If you want to cross-examine my client, but she [the witness] wouldn't know anything about 1969.... She's known him for a year before." After this dialogue, the trial court restricted the cross-examination of the witness to the subject of her knowledge of incidents within 1983. No further objection was made. The witness was then asked if she knew appellant had been arrested on a charge of carrying a concealed weapon in 1983. She replied she knew he had been arrested but did not know for what charge.

The contention here asserted by appellant, that the "testimony of a separate and distinct crime was not admissible" differs entirely from the objection made in the trial court. An appellant may not on appeal enlarge the objection to the admission of evidence made to the trial court. *State v. Comstock,* 647 S.W.2d 163, 165 (Mo.App. 1983). Moreover, after the trial court granted the relief he requested by limiting the interrogation to the time during which the witness knew appellant, he made no further objection of any kind. Nothing has been preserved for appellate review. Having thoroughly reviewed the record showing overwhelming evidence of defendant's guilt and in view of the relative insignificance of the questions and answers complained of, we find no manifest injustice or miscarriage of justice such as to warrant review as plain error. Rule 29.12(b).

Affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.