**STATE of Missouri, Respondent,**

v.

**Donald E. HANSON, Appellant.**

No. 51002.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Frank A. Anzalone, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant, Donald Eugene Hanson, was convicted after a jury trial of robbery in the first degree under § 569.020, RSMo. 1978 and armed criminal action under § 571.015, RSMo.1978. Defendant appeals, claiming: 1) the trial court committed plain error by admitting into evidence an extrajudicial prior consistent statement by the state's key witness; 2) the trial court committed plain error by allowing counsel for the same witness to participate generally in and make objections during trial proceedings; and 3) the trial court erred by admitting into evidence a photostatic copy of a newspaper clipping without a proper foundation laid by the state to explain the absence of the original article.[1] We affirm.

Defendant does not challenge the sufficiency of the evidence, hence the relevant facts may be stated in brief. The state's evidence established the defendant and Glenn Barr entered J & P Liquor Store in St. Peters, Missouri, at about 5:35 p.m. on December 6, 1984. Both men wore some type of facial covering. Defendant held a gun on the store's two employees, while Barr demanded and received the money in the cash register.

On December 12, 1984, St. Charles County Sheriff's Department Deputy George Benya seized two photo albums from the home of a female friend of defendant during an investigation of an unrelated burglary. Deputy Benya alerted the St. Peters police detective assigned to the liquor store robbery, Detective Vince Caudry, that one of the albums contained a newspaper clipping about the robbery of J & P Liquor store headlined, "Liquor Store Robbed." The album, filled with defendant's photos and memorabilia of prison, had been stolen from the home of Janet Weidner, with whom defendant then was living. On December 21, defendant, after waiving his Miranda rights, confessed the robbery to Detective Caudry and implicated Barr.

Glenn Barr testified at trial as part of a plea bargain, corroborating defendant's confession. Defendant denied committing the robbery in his testimony, contending he had confessed because Detective Caudry threatened to arrest Weidner and take away her child.

In his first point, defendant claims the trial court committed plain error by admitting into evidence an extrajudicial prior consistent statement by the state's principal witness, Glenn Barr. Defendant argues no prior inconsistent statement was introduced during cross-examination to impeach the witness, thus making improper the rehabilitation of Barr by the prosecutor.

We may invoke the plain error rule when defendant fails to object and preserve the objection for appellate review. *State v. Hubbard*, 659 S.W.2d 551, 555 (Mo.App. 1983); Rule 30.20. Resort to plain error imposes a heavy burden on defendant to make a clear showing of manifest injustice if the rule is not invoked. *Hubbard* at 556. Defendant makes no effort to show the requisite miscarriage of justice, contending only the "the use of such consistent statements constituted improper rehabilitation and bolstering of the witness to the prejudice of the appellant."

During Barr's direct examination, full disclosure was made of the fact that he had agreed to testify against defendant as a part of a plea bargain entered into in con-

---

1. Counsel on appeal was not counsel at trial.

nection with several charges pending against him. The defense counsel subjected Barr to extensive cross-examination regarding the promises made to him by the prosecuting attorney in return for his testimony. The cross-examination culminated in the defense counsel eliciting from Barr an admission that his "job" was to help put defendant in jail, coupled with the suggestion that if he did not do so the "deal might fall through." On re-direct examination, Barr responded to questions about the details of the statement he had given to the police shortly after his arrest. These details were entirely consistent with his trial testimony. His written statement was marked for identification and received in evidence, although it does not appear from the transcript that the prosecution read the statement in its entirety to the jury.

Relying on *Nielsen v. Dierking,* 418 S.W.2d 146 (Mo.1967) and *State ex rel. Berberich v. Haid,* 333 Mo. 1224, 64 S.W.2d 667 (1933), defendant argues because no inconsistent statement had been introduced, it was plain error to allow evidence of the prior consistent statement. Defendant reads the rule of these cases too narrowly. It is not only the impeachment of a witness by a prior inconsistent statement that renders admissible an earlier statement consistent with his trial testimony. Any evidence tending to permit an inference the testimony of a witness is recently fabricated opens the door to the introduction of a statement consistent with the witness's testimony if made prior to the suggested fabrication. In *State v. Johnson,* 684 S.W.2d 581, 583 (Mo.App.1984), we held it was proper to admit, over objection, the statement of a witness given to the police in order to rebut an inference that the witness's testimony was fabricated as a part of a later plea bargain made with the prosecuting attorney. The analogy between *Johnson* and the instant case is striking. We find no error, much less plain error, in the admission on re-direct examination of evidence regarding Barr's statement to the police.

Defendant's second point on appeal asserts plain error in allowing an attorney representing Barr to participate in the proceedings. We are directed to two instances where Barr's attorney objected to questions asked during cross-examination of his client, neither objection being predicated upon any constitutionally protected right of the witness. In *State v. Newman,* 568 S.W.2d 276, 282–283 (Mo.App.1978) the court observed that while a witness is entitled to have an attorney present during his testimony so that he might take advantage of such protections as the privilege against self-incrimination and the privilege of confidential communications, it was error to permit the witness's attorney to participate generally in the trial by making routine objections which did not relate to a privilege of the witness. We agree with this principle. It was improper for Barr's attorney to interpose the two objections. In *Newman,* because the case was reversed for other error, the court did not address the question of prejudice to the defendant by reason of the improper participation of the witness's attorney. Here, we are at a loss to discern any prejudice arising from the two objections, both made after Barr had given affirmative answers and both objections immediately, if not simultaneously, joined in by the assistant prosecuting attorney. We find nothing on the record to support defendant's bald assertion that the actions of the lawyer "tended to confuse and inflame the minds of the jury." Nor does defendant suggest any manner in which the two incidents affected his right to a fair trial. At trial defendant voiced no objection when Barr's attorney interposed the objections and defendant did not request the trial court to make any ruling or give any instruction. The incidents fall far short of demonstrating the manifest injustice required by Rule 30.20 for consideration of plain error.

Finally, defendant urges us to convict the trial court of error because of the admission into evidence of a photocopy of a newspaper article without a proper foundation to explain the absence of the original. The state's evidence indicated that attention was first focused upon defendant by the discovery during an unrelated investigation of an album containing photographs and memorabilia of defendant's sojourn in prison. The album contained a newspaper

article pertaining to this liquor store robbery. The album had been stolen from the home of defendant's girlfriend, Janet Weidner, where defendant was residing. A photocopy was made of the content of the entire album, including the newspaper article. It was then returned to Weidner. At trial the state offered in evidence the album, exhibit 5, and the photocopy, exhibit 6. Exhibit 5 did not contain the newspaper article, the page where it had been being blank. Defendant's trial attorney objected to the introduction of these exhibits, stating "our objection is simply this is invading the province of the jury as to whether or not there's been or was a newspaper article in this particular book." The objection was overruled.

■ On appeal, defendant contends the introduction of the newspaper article violated the best evidence rule. First we note the rule that a defendant may not on appeal enlarge the objection to the admission of evidence made to the trial court. *State v. Singleton,* 694 S.W.2d 828, 830 (Mo.App. 1985). Where the trial objection to the admission of evidence is based upon a specific ground, and a different reason for the objection is asserted on appeal, nothing is preserved for review. *State v. Shepard,* 681 S.W.2d 473, 475 (Mo.App.1984).

■ Moreover, the best evidence rule applies to a dispute regarding the terms of a writing. *State v. Reasonover,* 700 S.W.2d 178, 184 (Mo.App.1985). No such dispute exists in this case. Rather, the state introduced the photocopy in evidence only to show defendant's retention of the article inferentially connected defendant with the robbery and to explain the reason suspicion focused upon him. Because the terms of the article were not in dispute, the best evidence rule does not apply. *See State v. Macke,* 594 S.W.2d 300, 310 (Mo.App.1980).

The judgment is affirmed.

SMITH, J., and SIMEONE, Senior Judge, concur.