**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Stanley ROBINSON,
Defendant–Appellant.**

**Stanley ROBINSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53597, 55954 & 56001.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 14, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal from appellant's conviction of rape and sodomy and the denial of an evidentiary hearing on his *pro se* Rule 29.15 motion.

Viewed in the light most favorable to the verdict, the evidence adduced by the state was as follows: On August 17, 1986, C.E.'s children, six-year old M., four year old C., and two younger siblings were staying at C.E.'s grandmother's house. At approximately 9:00 p.m., C.E. asked appellant, a friend, to pick up the children and bring them back to C.E.'s apartment. Appellant agreed and although the residences were five to seven minutes apart, appellant was gone for approximately one-half hour. Appellant drove into an alley at which time he committed an act of sodomy and rape on C. who was sitting in the front seat. At one point, appellant removed C.'s pants and placed her on his lap at which time she began to cry.

C.E. was watching out the front window for her children when she saw the car pull up near her apartment when the children got out of the car, C. was crying. When M., the older sister, came into the house, she stated, "Mama Stanley pulled C.'s pants down and set her on his lap." C. told her mother that appellant had stuck his "thing" in her and hurt her.

C.E. took C. to Cardinal Glennon Hospital. At the hospital, C. told the police that appellant had stuck his "thing" in her while they were in the alley and that "red stuff came out of his penis." C. further related that after he had removed her shorts and panties, appellant kissed and licked her between her legs. M. also told police that she saw appellant put C. on his leg and that C. started crying when Stanley put his "private" inside C. C. and M. also told an examining nurse the same account of events. In order to be sure she understood what C. was saying, the nurse had C. demonstrate using an anatomically correct male doll.

An examination disclosed that there was a superficial tear or laceration in C.'s vaginal area. There was fresh blood oozing at the side of the excoriation but there was no actual bleeding. Due to the swelling in the area, it was impossible to assess the size of C.'s vaginal opening. Tests disclosed no seminal fluid on C.'s panties but there were sperm heads on the vaginal slide.

The jury found appellant guilty of rape and sodomy. The court subsequently sentenced appellant to consecutive twenty-year terms.

On July 28, 1988, appellant filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Appellant charged that counsel was ineffective in failing to properly investigate the fact the victim was induced to lie because her mother owed appellant $500. Appellant listed the names of three witnesses who would testify about this debt.

The court denied appellant an evidentiary hearing finding that the only value of this evidence would be to show bias on the part of the victim's mother which would have no effect on the victim's testimony, which was conclusive in the minds of the jury.

Appellant raises four points. Three points concern appellant's direct appeal. The fourth point is appellant's post-conviction issue.

In the first point appellant alleges that the trial court erred in finding sufficient indicia of reliability to admit the evidence of C.'s out-of-court statements made to Nurse Donna Marshall and a videotaped statement made by C. to Nurse Patricia Burke–Scherzinger pursuant to § 491.075, RSMo 1986 because the time, content and circumstances of the statements did not render them reliable as required by the statute.

■ First we take up the out of court statements made by C. to Nurse Donna Marshall. Although the court held a hearing under § 491.075 to determine the statement's reliability, appellant merely objected after the hearing that the statement was unreliable due to C.'s prior accusations of alleged sexual abuse by a different man. Appellant did not object at the time the statements were admitted. The failure to object to an argument or statement at the time it is made to the jury waives any right to complain about the argument or statement on appeal. *Glasscock v. Miller*, 720 S.W.2d 771, 777 (Mo.App.1986). Accordingly, appellant's point is not preserved for appeal.

■ Next we examine the out of court statements made by C. to Nurse Patricia Burke–Scherzinger, a nurse with the Sexual Abuse Management Unit of Cardinal Glennon Hospital. Nurse Scherzinger interviewed C. on September 16, 1986, one month after the incident.

Appellant argues that the statement given to Nurse Scherzinger was unreliable because C. was led and used terminology supplied by others. A review of the videotape shows that Nurse Scherzinger's questions were not improper. Although C. may have used some new terminology, this change of terminology went solely to the weight of the statement. Moreover the jury was aware that this statement was made a month after the offense occurred. Appellant's point is denied.

■ Appellant's second point is that the trial court committed plain error in admitting C.'s videotaped statement because the statement improperly bolstered C.'s credibility. Appellant acknowledged that trial counsel failed to preserve this point for appeal. Thus the allegation is reviewable only for plain error.

No precise method exists for determining plain error, but plain error includes prejudicial error which so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983).

Appellant relies on *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987) in which the Supreme Court held that the state's introduction of a videotape of a victim, followed by calling of victim to the stand to testify, resulted in improper enhancement and rehabilitation and prejudiced defendant. However, the present case is distinguishable from *Seever*, because in *Seever*, the state first introduced the videotape and then called the victim to the stand in which she gave testimony concerning all of the elements of the case. There was no suggestion in *Seever* that there was any charge of fabrication or attack on the victim's credibility prior to the admission of the videotaped statement. In contrast, in the present case, the videotape was not introduced until after the victim testified and after her credibility was attacked.

■ Prior consistent statements of a witness may be admissible in order to rebut an inference of recent fabrication which is raised by appellant on cross-examination of the witness. *State v. Johnson*, 684 S.W.2d 581, 583 (Mo.App.E.D.1984). Moreover in *State v. Hanson*, 735 S.W.2d 100 (Mo.App. E.D.1987) we noted that it is not only the impeachment of a witness by a prior inconsistent statement that renders an earlier statement consistent with his trial testimony. Citing to *State v. Johnson, supra,* the court noted that any evidence tending to permit the inference that the testimony of the witness is recently fabricated opens the door to the introduction of the statement consistent with the witness' testimony if made prior to the suggested fabrication. The statement in the case at bar was admissible to rehabilitate C.'s credibility because defense counsel suggested throughout the cross-examination that C.'s testimony had been fabricated or scripted by other persons.

In contrast to *Seever*, where the videotape was played for the jury and then the child testified, the videotape of C.'s statement was played after C. testified. By showing the jury that C. had made prior consistent statements, the state was rehabilitating her testimony against any charge of fabrication. Although the testimony may have been inadmissible under *Seever* absent any charge of fabrication, it was admissible to rehabilitate her credibility. Appellant's second point is denied.

■ Appellant next argues that the trial court abused its discretion in prohibiting defense counsel from producing evidence of alleged prior false allegations by C. and her sister M. of sexual misconduct involving C.'s father. According to appellant, the jury was unable to assess witness' credibility.

The court granted the state's motion *in limine* to preclude defense counsel from mentioning a prior incident when C. reported sexual misconduct by her father. The court found that this prior report was not relevant because nothing had been proven to the court to show that the witnesses were not credible and the fact that there were no indications of sexual abuse in the previous instance did not destroy the credibility of the victim. The court later pointed out that there was no finding that the previous allegation was not true, but only that a medical examination, over a month after the victim's disclosure, could not determine whether or not there was sexual abuse.

It is true, as appellant points out, that evidence that a witness has made a false report goes directly to the witness' veracity. *State v. Williams*, 492 S.W.2d 1 (Mo. App.1973). Appellant merely assumes that C.'s allegation was false and the record does not indicate such. It cannot be said that the allegation was false just because the authorities declined to prosecute. Appellant's third point is denied.

■ Appellant's fourth point deals with the court's denial of appellant's 29.15 motion without an evidentiary hearing. Appellant alleges that the trial court was clearly erroneous in denying his 29.15 motion without an evidentiary hearing on the claim that counsel was ineffective for declining to investigate witnesses who would have testified that C.'s mother, C.E., owed a $500 debt to appellant. Our review is limited to a determination of whether or not the finding of fact and conclusions of law of the hearing court were clearly erroneous. *Rainbolt v. State*, 743 S.W.2d 890 (Mo.App.E.D.1988). The motion court's conclusions and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

The court denied the evidentiary hearing, finding counsel was not ineffective for declining to cross-examine the victim's mother because the only value would be to show bias on the part of the victim's mother and that this would have had no effect on the testimony of the victim which was conclusive in the minds of the jury. The court also found that the allegation concerning ineffective assistance of counsel to call the three witnesses who had knowledge of the loan conclusory because it did not state exactly if they observed the loan transac-

tion or only had knowledge through someone as the appellant.

A review of the record shows that these findings were not clearly erroneous. Appellant's fourth point is denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.