**Stanley ROBINSON, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

**No. 93–1139.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1993.

Decided Oct. 8, 1993.

Eric W. Butts, St. Louis, MO, argued, for appellant.

Ronald L. Jurgeson, Kansas City, MO, argued, for appellee.

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

Stanley Robinson appeals the district court's [1] denial of his Rule 60(b) motion. We affirm.

A jury in a Missouri Circuit Court convicted Robinson of rape and sodomy. The Missouri Court of Appeals denied his appeal and affirmed the denial of his motion for post-conviction relief. *State v. Robinson,* 782 S.W.2d 694 (Mo.Ct.App.1989). Robinson then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri. On September 21, 1990, the district court accepted the magistrate judge's [2] recommendation that the petition be denied. Robinson never filed objections to the magistrate judge's review and recommendation and never appealed the district court's judgment. He filed no motions until September 3, 1992, almost two years after the district court's judgment, when he filed his Rule 60(b) motion. Robinson now appeals the district court's denial of that motion.

On appeal Robinson argues that the district court's denial of his habeas petition was erroneous in several respects. However, this court does not have jurisdiction to consider these arguments since Robinson never properly appealed the denial of his habeas peti-

---

1. The Honorable John F. Nangle, United States Senior District Judge for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

tion. *Browder v. Director, Ill. Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). We are only presented with the question whether the district court abused its discretion in denying Robinson's Rule 60(b) motion. *Id.; Sanders v. Clemco Indus.*, 862 F.2d 161, 169 (8th Cir.1988).

Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986). A Rule 60(b) motion may be based upon the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Fed.R.Civ.P. 60(b). The rule requires that the motion be made within a reasonable time and, if based on grounds (1), (2), or (3), no more than one year after judgment. *Id.*

Robinson did not detail which of Rule 60(b)'s grounds for relief applied to his motion. He alleged only that he did not object to the magistrate judge's recommendation because his attorney had his criminal file and because he was under the impression that his attorney was handling the case. In other words, Robinson essentially argued that his own neglect in failing to object should be excused due to his attorney's inaction. Because he thus based his motion upon allegations of "excusable neglect," the district court correctly held that 60(b)(1) applied and that the one year time period for filing had lapsed. Denial of Robinson's untimely motion was therefore mandated by the express terms of Rule 60(b). *Chicago & N.W. Ry. v.*

*Union Packing Co.*, 527 F.2d 592 (8th Cir. 1976).

We also agree with the district court that even if Robinson had complied with Rule 60(b)'s time constraints, he would not have had a valid claim, for this court has held that "[i]gnorance or carelessness of an attorney is generally not cognizable under Fed.R.Civ.P. 60(b)." *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir.1975). *See also Link v. Wabash R.R.*, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734 (1962); *Sutherland v. ITT Continental Baking Co.*, 710 F.2d 473, 476 (8th Cir.1983). Moreover, the district court found that Robinson personally received a copy of the magistrate judge's review and recommendation and that he could have filed objections himself or requested an extension of time. He therefore did not allege enough by way of "exceptional circumstances" to justify relief.

As indicated, the judgment of the district court is affirmed.