**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRANCIS LEON HILTERMAN,

        Petitioner-Appellant,

v.

ROBERT FURLONG and
ATTORNEY GENERAL FOR
THE STATE OF COLORADO,

        Respondents-Appellees.

No. 97-1196
(D.C. No. 96-K-1625)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Francis Leon Hilterman, a Colorado state prisoner proceeding with retained counsel, appeals an order of the district court refusing to reconsider its denial of Hilterman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

## BACKGROUND

Mr. Hilterman was convicted of seven felonies: violation of the Colorado Organized Crime Control Act, see Colo. Rev. Stat. § 18-17-101 to 109; two counts of theft by receiving stolen goods, see Colo. Rev. Stat. § 18-4-404; two counts of possession of motor vehicles with altered vehicle identification numbers, see Colo. Rev. Stat. § 18-4-409; and two counts of tampering with a witness, see Colo. Rev. Stat. § 18-8-707. The state trial court adjudicated Mr. Hilterman as a habitual criminal and sentenced him to life imprisonment. See Colo. Rev. Stat. § 16-13-101(2). The Colorado Court of Appeals affirmed the convictions and sentence; the Colorado Supreme Court denied certiorari.

Mr. Hilterman then sought habeas relief in district court, contending that the evidence used against him was obtained as a result of an illegal search and seizure, in violation of the Fourth Amendment, and that the imposition of a life sentence was disproportionate to his offenses, in violation of the Eighth Amendment. The matter was referred to a magistrate judge, see 28 U.S.C. § 636(b)(1)(B), who issued a written report recommending that the petition be

-2-

denied. The report included a warning that failure to file written objections to the proposed findings and recommendations within ten days after service would bar both de novo determination by the district judge, <u>see</u> 28 U.S.C. § 636(b)(1)(9)(c), and review of factual findings and legal conclusions by an appellate court, <u>see</u> <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996). [1]

The report was served by mail on Mr. Hilterman's counsel, a sole practitioner, on March 24, 1997. At the time of service, the attorney was unaware of the deadline for filing objections because he was away from his office for an extended period. On April 8, 1997, the time for filing objections having lapsed, the district court accepted and adopted the recommendation of the magistrate judge for the reasons stated in the recommendation and dismissed the petition.

The entry of dismissal prompted a series of filings. On April 15, Hilterman, through counsel, filed a "Motion to Retain Case on Docket and for Expansion of Time for Response" which asked for additional time because counsel "was in no position to have any knowledge whatsoever of the mail he was receiving at his small, unstaffed office in Houston prior to his return." First Am. Appellant's App. at 1-5. Additionally, Mr. Hilterman filed a pro se motion to alter or amend judgment. Those two motions, filed within ten days after entry of

---

[1] The report mistakenly stated that Mr. Hilterman was proceeding pro se. We attach no legal significance to this error.

judgment and therefore qualifying as tolling motions, see Grantham v. Ohio Cas. Co., 97 F.3d 434, 435 (10th Cir. 1996), were denied in orders entered April 16 and 18, respectively. As to the counseled motion, the district court determined that "being a sole practitioner with no office staff was not sufficient grounds to modify established rules of procedure and time limitations and that the remaining allegations in the motion were without merit or authority." First Am. Appellant's App. at 21.

On May 2, Mr. Hilterman, through counsel, filed a motion urging reconsideration of the court's April 16 order. In an order entered May 6, the district court denied the motion. Mr. Hilterman, through counsel, filed a notice of appeal from the denial of reconsideration on May 28. [2]

## JURISDICTION

We must first address the jurisdictional issues raised by this appeal. The notice of appeal was filed more than thirty days after entry of judgment and more than thirty days after the denial of the tolling motions. We have no jurisdiction to review the merits of the underlying judgment entered on the habeas petition. See Fed. R. App. P. 4(a).

---

[2] On June 6, Mr. Hilterman filed a pro se notice of appeal.

-4-

Mr. Hilterman, however, did appeal within thirty days of the district court's order denying his motion for reconsideration, which may be construed as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We have jurisdiction to review the order denying this motion. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

## DISCUSSION

Essentially, Mr. Hilterman argues that the district court erred in refusing to grant his motion for relief from judgment and enlargement of time, based on excusable neglect. See Fed. R. Civ. P. 60(b)(1) (permitting a court to provide relief from judgment in instances of excusable neglect); Fed. R. Civ. P. 6(b) (requiring a showing that a "failure to act was the result of excusable neglect" in a motion for enlargement of time made after expiration of the applicable deadline). This court reviews a district court's decision to deny either type of motion under an abuse of discretion standard. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996) (concerning Rule 60(b)); Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995) (concerning Rule 6(b)). An abuse of discretion is "a judicial action which is arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

A finding of excusable neglect is dependent "on the facts of each case in which the question arises." Buckley v. United States, 382 F.2d 611, 614 (10th Cir. 1967). Fault in the delay is a "very important factor–perhaps the most important single factor–in determining whether neglect is excusable." City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). "Ignorance or carelessness of an attorney is generally not cognizable under Fed. R. Civ. P. 60(b)." Robinson v. Armontrout, 8 F.3d 6, 7 (8th Cir. 1993) (quotations omitted). Moreover, "when a party asserts an excusable failure to comply with procedural requirements, we have often imposed an additional requirement . . . that the party demonstrate that his or her claim is 'meritorious.'" Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 n.2 (10th Cir. 1996) (quoting Otoe County Nat'l Bank v. W & P Trucking, Inc., 754 F.2d 881, 883 (10th Cir. 1985) (further citation omitted)).

We have reviewed the entire record, including Mr. Hilterman's pro se filings. The district court's determination that it was inexcusable for a sole practitioner to leave a law office for an extended period without arranging for the monitoring of mail is not arbitrary, capricious, or whimsical. In addition, Mr. Hilterman has not demonstrated the existence of compelling objections to the recommendation of the magistrate judge. Under the circumstances shown, the district court did not abuse its discretion in denying the motion to reconsider.

For the reasons stated above, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge