**Walter THOMAS, Movant-Appellant,**

v.

**STATE of Missouri,
Respondent-Respondent.**

**No. 52541.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Dave Hemingway, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for State.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree burglary and stealing and sentenced by the court as a persistent offender to consecutive terms of imprisonment of ten years on the burglary conviction and five years on the stealing conviction. His convictions were affirmed by us in *State v. Thomas*, 684 S.W.2d 569 (Mo.App.1984).

Movant filed a pro se Rule 27.26 motion seeking to set aside his convictions and sentences. He alleged that the original complaint charging him with burglary was nolle prossed by the issuance of an indictment a month later based on the same set of facts and that the failure to arraign him within ten days of the indictment warranted a judgment vacating his sentence.

Counsel was appointed, and she filed an amended motion that incorporated the grounds of the original motion and added as a second ground that movant's trial counsel, Jeff Childress, deprived him of a fair trial by failing to properly investigate the case and by failing to present "critical defense witnesses," namely, Gloria Coopwood and Richard Orr, Childress's investigator, who could have "presented valuable defense information."

Counsel withdrew and new counsel filed a second amended motion incorporating all previously-alleged grounds and adding as a third ground the claim that the state denied movant's right to equal protection by using its peremptory strikes to remove all blacks from the jury panel. A subsequent public defender then filed a "Second Amended Motion Pursuant to Supreme Court Rule 27.26" which was identical to the prior second amended motion.

The court denied the Rule 27.26 motion without an evidentiary hearing. The court found that movant failed to allege what facts would have been uncovered if his trial counsel had interviewed Coopwood and Orr, that a proper investigation would have uncovered those facts, and that those facts would have improved movant's position. The court further found that, because the case against movant was based on fingerprint evidence, it was not likely that any information produced by Coopwood or Orr would have improved movant's position. The court also denied movant's relief on the equal protection claim concerning use of peremptory strikes to remove black jurors.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App.1986). When an ineffective assistance of counsel claim is based on counsel's alleged failure to investigate, movant must allege "what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved [movant's] position." *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979).

■ Movant's allegations about ineffective assistance of counsel fall short of what is required in *Rice*; the motion court did not err in refusing to grant an evidentiary hearing. Furthermore, we note that, just prior to trial, defense counsel Childress informed the court that movant had informed him that morning that he had brought a witness, a woman, to court with him. Counsel said movant had told him on "several occasions" during "the past several months" that he did not have any witnesses. Movant told the court that the woman, Gloria Coopwood, would testify that he (movant) did not jump out of the window of his home when officers came to arrest him. Movant also said Coopwood had talked to investigator Orr and to attorney Childress. Childress requested Coopwood be endorsed as a witness; the state objected to a late endorsement. The court, in sustaining the state's objection, ordered the prosecutor not to ask any questions about the arrest to which defendant replied, "Okay." It is apparent that Coopwood and Orr were not potential alibi witnesses and, therefore, in addition to the failure of the motion to allege facts, the record refutes claims made in the motion.

■ Movant also is not entitled to relief on his equal protection claim. The protection against discriminatory use of peremptory challenges "should not be applied retroactively on collateral review of convictions that become final before [*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) ]." *Allen v. Hardy*, 478 U.S. ——, ——, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199, 204 (1986). *See also People v. Cobb*, 150 Ill.App.3d 267, 103 Ill.Dec. 382, 385, 501 N.E.2d 699, 702 (1986). Because movant's conviction became final before *Batson* was announced on April 30, 1986, *Batson* is inapplicable.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.