**Roger Dale RAINBOLT,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 52904.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1988.

John F. Newsham, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On November 26, 1984, pursuant to a plea agreement, movant pled guilty to a charge of first degree murder and was sentenced on December 21, 1984, to life imprisonment. In July 1985, movant filed a Rule 27.26 motion in which he alleged, among other matters, that he was denied effective assistance of counsel because "counsel was advised by responsible persons that Movant probably suffered from a mental disorder and [counsel] was urged to seek a psychiatric examination relative thereto, but did not do so, thereby depriving Movant of a valid defense of not guilty by reason of insanity." In his motion, movant stated he would prove his allegations with court records and testimony from his father, his trial counsel, and himself.

In October 1985 movant was granted a change of judge, and in January 1986 he received two extensions of 10 and 15 days each in which to file an amended motion. In January 1987, the court denied movant's motion, stating that "after reading the plea transcript the Court finds that movant's plea was knowingly and voluntarily given and intelligently made and refutes movant's allegations in his 27.26 motion."

The following excerpts from the transcript of movant's guilty plea hearing are pertinent:

Q. Have you ever been a patient in a mental hospital or institution?

A. No, Your Honor.

Q. Do you now believe or have you ever believed yourself to be mentally ill or mentally incompetent in any respect?

A. No, Your Honor.

. . . .

Q. Are you satisfied your attorney is informed of all the facts he needs to adequately advise you in this case?

A. Yes.

Q. Have you been fully advised by your attorney as to all aspects of the case, including your legal rights?

A. Yes, sir.

Q. Are you satisfied with the job Mr. Wolff has done for you as your attorney in this matter?

A. Yes, Your Honor.

Q. Has he left anything undone he should have done?

A. No.

Q. You have discussed this this morning with your father?

A. Yes.

Q. We sat you back in the room and you discussed it with your father and two attorneys?

A. Yes.

Q. Your mother is also here?

A. Yes.

. . . .

Q. Do you claim to be innocent of this crime for any reason?

A. No, Your Honor.

Q. Do you claim to have any defense against this charge?

A. No, Your Honor.

Q. Are you pleading guilty because, in fact, you are guilty of this charge?

A. Yes.

Movant then stated that he entered a dwelling to take money and that he ransacked the house and beat the victim who subsequently died.

On appeal, movant contends that the motion court erred in that its findings and conclusions did not address the allegation that his trial counsel was ineffective because, although counsel was aware movant had a possible mental defect, he did not investigate movant's mental condition.

Our review is limited to determining whether the conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's conclusions and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. When an ineffective assistance of counsel claim is based on an alleged failure to investigate, a movant must allege the specific information that counsel failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984).

Rule 27.26(i) states in pertinent part that the motion court "shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." However, where the issue confronting the motion court is one of law and not of fact, findings of fact are not required. *See Newman v. State*, 703 S.W.2d 71, 72 (Mo.App.1985). Because the motion court was faced with a question of law, i.e., did movant's allegations meet the test of *Thomas*, 736 S.W.2d at 519, no findings of fact concerning any failure to investigate a possible mental defect were required.

Movant's allegations fall short of the *Thomas* standard in several respects. Movant alleges his trial counsel was advised of a mental disorder "by responsible persons." He does not identify those "responsible persons" or the specific information they would have provided. We believe the portions of the guilty plea hearing transcript quoted above eliminate movant and his father from being identified as the "responsible persons" referred to in the motion, movant's trial counsel certainly would not have advised himself concerning movant's mental condition, and "court records" states nothing more than a conclusion. Moreover, at his guilty plea hearing, movant stated he was not and had not been mentally ill or incompetent; this further refutes his allegation that a reasonable investigation by his trial counsel would have led to the discovery of facts that would have provided a basis for a defense of not guilty by reason of insanity.

The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.