Ernest Wesley McKNIGHT,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53739.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Timothy J. Walk, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the summary dismissal of his Rule 27.26 motion. We affirm.

Movant was convicted of first-degree robbery and sentenced to 20 years' imprisonment. We affirmed his conviction on appeal. *State v. McKnight,* 682 S.W.2d 868 (Mo.App.1984).

In his pro se Rule 27.26 motion movant claimed there were "[n]o Blacks on the intire [sic] thirty-two member Jury panel, and Movant is a Black person, thereby violating Movant['s] Constitutional Rights." The state moved to dismiss the motion because movant failed to state a claim for which relief could be granted. The motion court granted the state's motion, without making findings of fact.

On appeal movant first contends the court erred in denying him an evidentiary hearing on his motion because he pled sufficient facts to state a claim for relief. He alleges he pled sufficient allegations to state a claim of purposeful exclusion of blacks from the venire under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review

of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ Accepting movant's allegations in his pro se motion as true, he failed to allege facts which would warrant relief. The only case he relies on is *Batson*, which prohibits the state from using its peremptory strikes to purposefully exclude veniremen on the basis of their race. *Batson*, 106 S.Ct. at 1719–24. Movant made no allegations that the prosecutor improperly used peremptory strikes to exclude black veniremen.[1] The court did not clearly err in dismissing movant's motion without an evidentiary hearing because movant's allegations are not sufficient to state a claim for relief.[2]

Movant also contends the court erred in failing to make findings of fact and conclusions of law as required by Rule 27.26.

■ Rule 27.26(i) requires the motion court to make "findings of fact and conclusions of law on all issues presented whether or not a hearing is held." However, where the issue confronting the motion court is one of law and not one of fact, findings of fact are not required. *Rainbolt v. State*, 743 S.W.2d 890, 892 (Mo.App. 1988).

Here, the motion court concluded movant failed to state a claim which, if true, would

merit relief. In determining whether movant's claim met the test of sufficiency to entitle him to an evidentiary hearing under *Thomas*, 736 S.W.2d at 519, the court was deciding an issue of law; therefore, no findings of fact were required concerning movant's claim of a constitutionally defective jury panel. *Rainbolt*, 743 S.W.2d at 892.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Even if movant alleged sufficient facts to state a claim under *Batson*, he would not be entitled to relief on that basis because *Batson* applies only to cases pending on direct review or not yet final at the time of the decision, April 30, 1986. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987); *Allen v. Hardy*, 478 U.S. 255, 106 S.Ct. 2878, 2881, 92 L.Ed.2d 199 (1986).

2. On direct appeal movant contended the trial court erred in denying his motion to quash the jury panel because the lack of blacks on the

panel denied him his right to a jury selected from a fair cross-section of the community as provided by the sixth and fourteenth amendments to the United States Constitution. The court summarily affirmed movant's conviction. *McKnight*, 682 S.W.2d at 868. "A matter decided on direct appeal cannot be subjected to another review by a subsequent post-conviction relief proceeding, even though the litigant has a different theory to suggest." *Medley v. State*, 639 S.W.2d 401, 404 (Mo.App.1982).