David DEHART, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54046.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Janis C. Good, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to the charge of second-degree murder. At the plea hearing he admitted shooting James Dickerson four times, in the back of the head, in the back, in the back of the right thigh, and in the back of the right leg, and then fleeing from the scene. The court sentenced movant to 20 years' imprisonment, in accord with the parties' plea agreement.

Movant filed a pro se Rule 27.26 motion, in which he alleged he received ineffective assistance of counsel. Appointed counsel filed an amended motion, asserting movant's guilty plea was involuntary because his trial counsel was ineffective in failing to prepare a defense of self-defense. Movant alleged counsel failed to investigate or depose three state's witnesses who could have testified to the violent nature of the victim and his state of intoxication at the time of the shooting. The state moved to dismiss movant's motion. The motion court issued findings of fact and conclusions of law, denying movant's motion without an evidentiary hearing.

On appeal movant contends the court erred in denying his motion without an evidentiary hearing because he alleged sufficient facts to warrant a hearing on his claim and because "the record fails to conclusively refute [his] allegations of counsel's failure to interview or depose the state's witnesses."

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

■ To prevail on an ineffective assistance of counsel claim, a movant must show

both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987). When an ineffective assistance of counsel claim is based on an alleged failure to investigate a witness, movant must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have improved movant's position. *Id.*

■ At the guilty plea hearing the trial court questioned movant and determined his plea was entered knowingly and voluntarily. During the questioning movant indicated he understood the charge against him and the possible sentence, the constitutional rights he was waiving by pleading guilty, and the terms of the plea agreement made with the state. The court determined that he was not under the influence of alcohol or drugs and that no threats or promises had induced his plea. The prosecutor stated the evidence that would be presented against movant. Movant indicated the evidence was substantially correct and he was guilty of the crime as stated by the prosecutor. Further, the court specifically asked movant if he had sufficient time to discuss his case with counsel, if counsel adequately advised him, if counsel complied with all his requests, and if counsel contacted all the witnesses he believed should have been contacted. Movant answered all these questions affirmatively and indicated he was satisfied with counsel's services. Finally movant indicated he was entering his guilty plea voluntarily and knowingly because he was guilty of the crime charged. We do not believe the motion court clearly erred in finding movant's claim, that his plea was involuntary because of ineffective assistance of counsel, was refuted by the record. *See Giles v. State,* 562 S.W.2d 106, 111 (Mo.App.1977).

■ Moreover, movant's motion did not warrant an evidentiary hearing because he failed to allege sufficient facts to show the witnesses' testimony would have improved movant's position. The witnesses' alleged testimony would have been insufficient to establish a defense of self-defense for movant. *See State v. Chambers,* 714 S.W.2d 527, 530 (Mo. banc 1986). Assuming counsel's performance was deficient in failing to interview the witnesses, movant has not alleged sufficient facts to warrant an evidentiary hearing. We do not believe movant showed a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt, especially in light of the facts movant shot the victim in the back four times and fled from the scene. *Strickland,* 466 U.S. at 691–96, 104 S.Ct. at 2066–69; *Richardson,* 719 S.W.2d at 915–16.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.