Raymond **BARTON**, Movant–Appellant,

v.

**STATE of Missouri,**
Respondent–Respondent.

No. 54132.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

M. Dwight Robbins, Fredericktown, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to charges of second degree robbery and escape from confinement. The charges were in separate cases, however, both pleas were taken by the same judge on the same day, with the plea in the escape charge being taken first. In exchange for movant's guilty plea, the prosecution agreed to reduce the robbery charge from first degree to second degree, and to drop charges of assault and attempted escape from confinement. The prosecution also agreed to ask for a 5 year sentence on the escape charge and 15 years on the robbery charge, the sentences to be served consecutively. The court sentenced movant in accordance with the plea agreements.

Movant filed a Rule 27.26 motion. In the motion he alleges he pled guilty involuntarily due to counsel's failure to provide effective assistance. Specifically, movant contends that counsel did not contact him, that counsel never informed him of any defenses to the charges against him, and that counsel failed to assist movant in obtaining a psychiatric examination.

The court denied the motion finding that movant's contentions did not require an evidentiary hearing because some claims were stated as conclusions rather than facts and others were clearly refuted by the record. Movant appeals seeking an evidentiary hearing.

Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.* In order to be entitled to an evidentiary hearing, movant must allege facts, not conclusions, which, if true would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App. 1987). Furthermore, after a guilty plea the effectiveness of counsel can only be challenged to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1988).

As to movant's first contention that counsel failed to contact him, the transcript shows that movant stated that he had met with counsel "quite a few times." Additionally, movant twice specifically stated he was satisfied with counsel's representation. Thus, movant's contention that counsel did not contact him is clearly refuted by the record and movant is not entitled to an evidentiary hearing on this matter. *See Thomas*, at 519.

Movant also contends that counsel never informed him of any defenses and that counsel did not aid in obtaining a psychiatric examination. Both of these allegations are phrased as conclusions. Movant alleges no facts which suggest he had a defense to the charges or that he was insane. Because movant has not alleged specific facts upon which relief can be granted, movant has not met the *Thomas* test for obtaining an evidentiary hearing.

*Thomas,* 736 S.W.2d at 519. The conclusion of the trial court, that movant was not entitled to an evidentiary hearing, is not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.