Marvin Larmar FORNISS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55073.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 13, 1988.

Christopher E. McGraugh, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant pled guilty to five counts of armed criminal action, one count of first degree assault, one count of kidnapping, one count of felonious restraint and two counts of attempted robbery. He was sentenced to serve concurrent sentences, the longest of which was 25 years.

Movant filed a motion to vacate sentence under Rule 27.26. The motion court denied his motion without an evidentiary hearing; this appeal followed.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

While movant's sole point on appeal refers to no specific conduct of counsel affecting the voluntariness of his plea, we glean from the record that movant's only potentially meritorious contention is that his plea was involuntary because it was based on counsel's false "promise" that his sentence would only be 15 years. The trial court did a commendable job questioning movant exhaustively to determine whether his guilty plea was knowing and voluntary. The guilty plea transcript reveals the following colloquy between the court and movant:

Q. You understand the range of punishment goes up to six life sentences plus a couple of 30–year sentences and a seven-year sentence?

A. Yes.

. . . .

Q. Has anyone made any promises to you concerning your plea of guilty, such as, the amount of time you might have to serve or the possibility of probation?

A. No.

Movant's sole contention is therefore refuted unequivocally by the record. *See Thomas v. State*, 736 S.W.2d 518, 519 (Mo. App.1987). The motion court did not clearly err in denying movant's motion without an evidentiary hearing.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.