Donald C. SCHULTZ,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54226.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1989.

Application to Transfer Denied April 18, 1989.

Mark B. Moran, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was charged with four counts of second degree burglary and two counts of stealing over $150. His appointed counsel successfully moved to dismiss these charges; however, the charges subsequently were reinstated.

Movant had previously retained counsel to represent him in another cause in which he was charged with possession of burglar's tools.

Movant pled guilty to all of the charges in a consolidated plea hearing. He was sentenced as a persistent offender to 15 years imprisonment on each of the burglary and stealing counts, and to 10 years on

the possession of burglar's tools count. The court ordered all sentences to run concurrently, but suspended execution of the sentences, and placed movant on probation for a total of ten years.

Movant's probation was revoked, and his Rule 27.26 motion followed. His primary contention in the motion and on appeal is that he "was confused ... as to exactly what he was pleading guilty to" in that his private counsel, who represented him at the plea hearing, did not explain "the full ramifications of his consenting to ... a plea bargain involving both cases."

After an evidentiary hearing, the motion court made findings of fact and conclusions of law wherein it observed, "movant has failed to allege facts unrefuted by the record showing that his plea was rendered involuntary and unintelligently made due to alleged actions or inactions of his attorney." Thus the court denied relief.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

The guilty plea transcript reveals the court carefully inquired of movant whether he understood he was pleading guilty to seven counts involving two separate causes. After answering "yes," movant acknowledged that his private counsel advised him as to all aspects of the case. Movant's contentions are therefore refuted by the record. *See Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). The motion court's findings and conclusions are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.