Robert Lee JONES, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55519.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

M. Dwight Robbins, Fredericktown, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

Movant pled guilty to second degree burglary, and the court suspended imposition of sentence, placing movant on probation for five years. When movant's probation was revoked, he was sentenced to seven years' imprisonment and placed on supervised probation. Movant's supervised probation was subsequently revoked; his Rule 24.035 motion followed.

In both his pro se and amended motions, movant alleged his trial counsel was ineffective for failing to investigate potential defense witnesses. The motion court entered findings of fact and conclusions of law denying an evidentiary hearing.

Our review is limited to determining whether the findings, conclusions, and

judgment of the motion court are clearly erroneous. Rule 24.035(j); *Cf. Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). To be entitled to an evidentiary hearing on a postconviction relief motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Cf. Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

The plea transcript reveals that movant entered a plea of guilty as a result of an agreement in which the state dropped two other charges and agreed to make no recommendation. At the plea hearing, movant in his own words admitted to facts sufficient to support his conviction. The transcript also reveals the following exchange between the court and movant:

Q. Has your attorney investigated this case to your full satisfaction, sir?

A. Yes, sir.

Q. Has your attorney interviewed all the witnesses that you know of, including any alibi witnesses that you might know of?

A. Yes, sir.

Q. Are you fully satisfied with the advice and counsel of your attorney in regard to this case?

A. Yes, sir.

Q. Do you have any complaints whatsoever that you wish to make about your attorney's handling of this case for you?

A. No, I don't.

Movant has therefore failed to allege facts, unrefuted by the record, showing a right to relief. The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.