Willie B. BLACKMON, a/k/a Willie B. Denson, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16012–2.

Missouri Court of Appeals,
Southern District,
Division Two.

July 5, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied
July 26, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Scott A. Albers, Asst. Public Defender, Jackson, for movant-appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

On September 14, 1982, a jury found the movant, Willie B. Blackmon, guilty of two counts of kidnapping and two counts of assault in the second degree. In accordance with the verdicts, the movant was sentenced to imprisonment for five years upon each count of assault, sixteen years upon one count of kidnapping and thirty years upon the second count of kidnapping. The circuit court directed the sentences to run consecutively. The movant now attacks those convictions and sentences by a motion under Rule 29.15. The motion court denied that motion without an evidentiary hearing. Movant presents one point on appeal.

The following condensation of the facts is sufficient for the consideration of that point. On November 16, 1981, the movant held Betty Grisham and her husband captive in the Western Union Office in Sikeston for several hours. He did so while holding the police at bay by threatening to kill the Grishams. He struck the Grishams with a gun. He demanded $100,000 for their release. There were extended negotiations between the movant and law enforcement officials. After several hours the Grishams were released and movant

surrendered to police officers. A more extensive statement of the facts may be found in *State v. Blackmon,* 664 S.W.2d 644 (Mo.App.1984), in which movant's convictions and sentences were affirmed.

■ By his one point, the movant contends the motion court erred because movant was denied the effective assistance of counsel because of four derelictions pleaded in his motion. The first dereliction alleged is that trial counsel was involved in the negotiations for the Grishams' release. Therefore, construing the motion liberally, he pleads that trial counsel should have disqualified because he formed the opinion movant was guilty of the offenses charged. He further alleges that for this reason trial counsel "would not put his best efforts into the defense of movant."

In its commendable and unusually thorough Findings of Fact, the motion court made the following finding: "[6] ... Movant has alleged in no way how he was prejudiced other than Movant's counsel formed an opinion of Movant's guilty [sic]. The opinion of Movant's counsel as to the guilt or innocence of the Movant is not a critical issue in determining whether Movant's counsel was ineffective in representing the Movant...."

While no authority has been cited and none found directly dealing with the allegation, the above finding of the motion court correctly applies applicable principles of law. Such an allegation is no more than a general charge that counsel did not perform proficiently. Such a charge does not state a basis for relief under Rule 29.12. Cf. *Wilson v. State,* 748 S.W.2d 73 (Mo. App.1988).

■ The second dereliction alleged is that trial counsel failed to disqualify preliminary hearing Judge David Mann, because of Judge Mann's prior knowledge of facts in movant's case. It is elsewhere alleged in the motion that Judge Mann also participated in the negotiations for the release of the Grishams. See *State v. Blackmon,* supra. The only allegation that could be considered an allegation of prejudice is that Judge Mann threatened to gag the movant because movant asked the court to

cross-examine the prosecution witnesses because movant believed the public defender "was doing a fair job of at [sic] cross examination of said witnesses." This is not an allegation of the type of prejudice that must exist to form the basis for relief under the test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also see *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987).

Moreover, an allegation that Mann had such prior knowledge and believed movant had committed a felony and *therefore movant was prejudiced,* would have been irrefutably controverted by the record. The record demonstrates that any judge would have found there was probable cause to believe that a felony had been committed and movant had committed it. Rule 22.07. Movant's second allegation of a dereliction of counsel has no merit.

■ The movant's third contention as stated in his point is that trial counsel was derelict because he failed "to investigate the facts and witnesses of the state's case against appellant." Of course, such a general statement in a point fails to preserve for review a ground for post-conviction relief. *Thomas v. State,* 736 S.W.2d 518 (Mo.App.1987); *Tate v. State,* 773 S.W.2d 190 (Mo.App.1989). His third contention has no merit for that reason.

Moreover, the only specific allegation in his motion is that trial counsel failed to interview Jerry Harris and Eric Sterling who would have testified of incompetent symptoms of "movant during the hostage situation" which would have shown a preponderance of the evidence in favor of the defense of insanity. The motion court found that the testimony of Jerry Harris and Eric Sterling concerning "incompetent symptoms" would have been cumulative. It further found that movant was not prejudiced by the absence of two witnesses to present such cumulative testimony. The finding of the trial court is not erroneous. If the motion is construed to allege, that if the cumulative testimony had been presented there is a reasonable probability the result of the trial would have been differ-

ent, the record conclusively refutes that allegation. Cf. *Dehart v. State*, 755 S.W.2d 611 (Mo.App.1988).

 The movant's last contention as stated in his point is that trial counsel is derelict because he failed "to pursue appellant's rights to a hearing on his mental capacity to proceed with trial." This same contention by movant has been denied by the United States Court of Appeals for the Eighth Circuit. The basis for such denial has been expressed in the following language.

"In the case before us, although the first psychiatric report indicated that Blackmon suffered from a mental disorder that rendered him presently incompetent to stand trial, it further noted that with appropriate treatment that condition would abate within two or three months. The second report, filed more than two months later, indicated that in fact Blackmon's condition had improved and that he was competent to stand trial. Blackmon did not contest that finding; quite to the contrary, he used the report to bolster his argument that he should be allowed to represent himself. *See* Part I *supra.* It was only after the trial judge decided not to allow him to represent himself that Blackmon sought to use the second report as a shield, rather than as a sword, to avoid proceeding to trial with his appointed counsel. Given these facts, and because there were no other circumstances to create a doubt on the part of the trial court as to Blackmon's competency to stand trial, we conclude that the actions of that court were in accordance with both *Pate* [*Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] and *Drope* [*Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975)] and did not offend Blackmon's constitutional right to a fair trial.

Accordingly, we must further conclude that Blackmon suffered no prejudice from the failure of the Missouri Court of Appeals to consider the *Pate* issue, irrespective of whether that failure resulted from any deficiency of appellate counsel. We therefore hold that Blackmon is not

entitled to relief on his ineffective assistance claim." (Emphasis in original.)

*Blackmon v. Armontrout*, 875 F.2d 164, 168 (8th Cir.1989). Movant's last contention is denied for reasons so stated. The judgment of the motion court is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.