John **BIBBS**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent.

No. 56398.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, Senior Judge.

This is an appeal by movant-appellant, John Bibbs, from an order of the circuit court of the City of St. Louis denying his Rule 29.15 motion to vacate sentence without an evidentiary hearing.

In 1979, movant was found guilty by a jury of assault in the first degree for which he was sentenced to a term of 30 years imprisonment as a dangerous offender pursuant to § 558.016 R.S.Mo., 1986. He appealed to this court and his conviction was affirmed. *State v. Bibbs*, 634 S.W.2d 499 (Mo.App.1982).

On the morning of December 21, 1979, Howard Goldenberg returned from a bank to the parking lot of the Golden Furniture at about 10:45 a.m. As he parked the car, a man came up to the driver's side of the vehicle and grabbed the door handle. Finding the door locked, he ordered Mr. Goldenberg out of the vehicle. Goldenberg refused and started sounding his horn as a signal to people in the store that something was wrong. The man who approached the vehicle then fired two or three shots into the window. The victim was struck. Police Officer Brown was in the store at the time and came out to investigate. He saw a man standing next to the car with a small caliber pistol in his hand. The man fled and was pursued by the officer until the

man got into a Cadillac driven by another man. The officer broadcast a description of the man and the vehicle and the vehicle was stopped a few minutes away by Officer Smith. Officer Brown was transported to the scene where he identified the passenger as the fleeing man. The passenger was later identified as the movant. The driver of the car was identified as Howard McNutt, a former employee of the Golden Furniture Store. Officer Smith arrested the movant and arrested McNutt. A .25 caliber pistol was found in the Cadillac. Shell casings of the same caliber as the pistol were found in Goldenberg's car. The movant denied any participation in the assault.

On June 29, 1988, movant filed his *pro se* motion to vacate. After counsel was appointed an amended motion was filed. The motion alleged that movant's trial counsel was ineffective because she failed to contact five witnesses who would have testified and aided in his defense. Movant contended that one witness would have testified that she was his girlfriend and she saw movant leave home in East St. Louis at approximately 10:00 a.m. on the morning of the assault; another witness, movant's stepbrother would have testified that he provided movant with information about obtaining a job by contacting the St. Louis Unemployment Office and information as to which buses movant needed to get to go to and from the Office. A third witness would have testified that he took movant to the bus stop on the day of the assault at about 10:00 a.m. A fourth witness, McNutt, would have testified that he picked up movant while waiting for a bus near the unemployment office at about 11:15 or 11:30 and that the two were pulled over by the police a few minutes later. Movant further alleged that he asked his counsel to contact a female employee at the unemployment office who would have testified that he was in the office at about 11:00 a.m.; and that, while he did not know her name, he gave a description of her.

On January 30, 1989, the motion court denied the 29.15 motion without an eviden-

tiary hearing, after making findings of fact and conclusions of law.

In this appeal, movant contends that the motion court erred in denying the motion without an evidentiary hearing because his trial counsel failed to contact five potential witnesses and the allegations in the motion are not refuted by the record and files in the case.

Rule 29.15, effective January 1, 1988, provides a procedure for relief to a person convicted of a felony who asserts or claims that the judgment of conviction imposed violates the law or the constitution of this state or the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum authorized by law. Rule 29.15 is the successor to Rule 27.26 which was repealed by the Supreme Court. The new Rule was enacted to change the timing and procedure under Rule 27.26 and not the scope or substance of Rule 27.26. Since Rule 29.15 did not become effective until January 1, 1988, there are limited precedents, but there is abundant authority relating to the scope, purpose and principles of Rule 27.26 which aids in the disposition of this appeal. *See Day v. State,* 770 S.W.2d 692 (Mo. banc 1989); *Short v. State,* 771 S.W.2d 859, 863 (Mo.App.1989).

Our review is a limited one. "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). *Mallett v. State,* 769 S.W.2d 77, 79 (Mo. banc 1989). The motion court's findings, conclusions and order are clearly erroneous only if a review of the record leaves the appellate court with a definite and firm belief that a mistake has been made. *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App. 1988); *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

The legal principles relative to granting or denying an evidentiary hearing on a motion to vacate and the standards relating to ineffectiveness of counsel are clear. Under Rule 29.15, no evidentiary hearing is required "if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief." In order to be entitled to an evidentiary hearing, the movant must (1) allege facts, not conclusions, which, if true, would warrant relief, (2) these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987); *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987); *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977).

In order to prevail on a claim of ineffective assistance of counsel, movant has a heavy burden. It must be shown that (1) his attorney failed to exercise that customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) he was thereby prejudiced. *Mallett v. State, supra,* 769 S.W.2d at 82; *Roberts v. State,* 775 S.W.2d 92, 94 (Mo. banc 1989); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When examining the reasonableness of defense counsel's actions, there is a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance because it is easy for the court examining counsel's defense after it has proved unsuccessful to conclude that an act or omission is unreasonable. *Sanders, supra,* 738 S.W.2d at 858. Counsel's conduct must so undermine the proper functioning of the adversarial process and counsel's deficiencies must prejudice his defense. The movant must make both showings. *Sanders, supra,* 738 S.W.2d at 857.

When a claim of ineffectiveness of counsel is made on the ground that counsel has failed to locate and present witnesses, as here, movant must show that the witnesses could have been located through reasonable investigation, that the witnesses would have testified, if called, and that their testimony would have provid-

ed a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). Otherwise stated, when ineffectiveness of counsel is alleged for failure to contact potential witnesses, movant must show what specific information the counsel failed to discover, that reasonable investigation would have disclosed that information and that the information would have aided his position. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

Tested by these principles, the motion court, in denying movant's 29.15 motion, was not clearly erroneous. The motion court found that the potential testimony of movant's girlfriend would not have provided movant with an alibi since the offense occurred somewhat later. The potential testimony of movant's stepbrother pertained only to movant's actions prior to the offense. The potential witness that would have testified that he took movant to a bus stop would not have aided movant's defense. The motion court ruled that this testimony would only have been corroborative of movant's testimony as to when he left his residence. McNutt's potential testimony would not have provided movant with a viable defense. His testimony would have pertained to incidents occurring after the offense in question. The motion court ruled that his testimony would not overcome the eyewitness testimony that McNutt was also arrested minutes after the assault. As to movant's allegation that he asked counsel to contact a female employee in the unemployment office who could have testified that he was in her office at about 11:00 a.m., this testimony related to a matter not within the time frame of the assault; furthermore the potential witness has never been located.

None of the witnesses would have provided a viable defense to the movant, unlike authorities which granted an evidentiary hearing under other factual circumstances. *See Collins v. State*, 564 S.W.2d 936 (Mo.App.1978) (misidentification).

In view of the above, the trial court was not clearly erroneous in denying movant's 29.15 motion because the records and files of the case show that the movant is not entitled to relief. Rule 29.15(j).

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.