**Ardell JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59916.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 24, 1991.

Kathleen G. Green, Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robin Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 24.035 motion from which he seeks relief from two concurrent six-year sentences imposed after Defendant pled guilty. Affirmed.

Defendant pleaded guilty on two counts of the offense of sale of cocaine, Section 195.020, RSMo 1986 (repealed effective August 28, 1989). The circuit judge sentenced him to two concurrent terms of six years' imprisonment. Defendant later filed a *pro se* Rule 24.035 motion which alleged, among other grounds, that his attorney was ineffective for failing to raise evidence of or "put in motions," evidence relevant to a defense of entrapment. Counsel was subsequently appointed and filed an unverified amended motion.

On September 21, 1990, the motion court found Defendant's Amended Motion would not be considered because it was not verified. An evidentiary hearing was held on October 2, 1990, on the original *pro se* motion. On October 26, 1990, the motion court entered an order denying Movant's Rule 24.035 motion. This appeal followed.

Review of a dismissal of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); Rule 24.035(j). After a guilty plea has been entered, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Rainbolt v. State*, 743 S.W.2d 890, 892[4] (Mo.App.1988).

In Defendant's only point on appeal, he claims the motion court clearly erred in denying his motion following hearing because trial counsel's failure to discuss the defense of entrapment resulted in Defendant pleading guilty unknowingly and involuntarily. Defendant's claim of ineffective assistance of counsel for failure to discuss entrapment fails for at least two reasons. First, the motion court's findings and conclusions are not clearly erroneous in that counsel's failure to discuss this defense is refuted by Defendant's own testimony at the evidentiary hearing. Defendant testified as follows:

Q. I asked you, did you discuss any defenses with Renee Murphy [counsel]?

A. Yes, I did.

Q. What defenses were they?

A. I said Miss Renee Murphy, I say the defense is entrapment . . .

    \*    \*    \*    \*    \*    \*

Q. Did you discuss the defense of entrapment with Renee Murphy?

A. Yes I did. I discussed entrapment.

Second, Defendant cannot now claim his counsel was ineffective because during his plea hearing Defendant stated:

Q. . . . are you satisfied at this time that your attorney did the best that could be done?

A. Your Honor, I'm taking this plea, I feel everything is in order.

Q. So there aren't any witnesses that she didn't contact or things that she shouldn't have done?

A. Everything is in order.

Q. And there aren't any Motions now or something that you think she should have done?

A. Everything is in order.

 When a Defendant repeatedly assures the court at his guilty plea hearing that he is satisfied with his defense counsel's performance and believes counsel has done everything Defendant has requested, Defendant cannot later claim the contrary. *Cramlett v. State,* 800 S.W.2d 813, 814 (Mo.App.1990).

The denial of Defendant's motion for post-conviction relief is affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.