Glenn **HAMILTON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 63500.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1993.

---

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On September 30, 1991, Defendant appeared on two different sets of charges. Pursuant to a plea agreement, Defendant pled guilty to first degree assault, three counts of first degree robbery, two counts of armed criminal action under the first cause, and armed criminal action and second degree murder under the second cause. The trial court sentenced him as a Class X offender to concurrent terms of twenty-seven years' imprisonment on each count of each cause. On November 15, 1991, Defendant filed motions to withdraw his guilty pleas and attached a sworn affidavit in which his brother stated he had committed all the crimes with which Defendant was charged. The trial court conducted a hearing on this motion during which Defendant testified he saw his brother write out the affidavit and sign it. Defendant's brother was also called to testify, but he invoked his Fifth Amendment right against self-incrimination. After hearing all the evidence, the trial court denied this motion.

On January 1, 1992, Defendant filed a *pro se* Rule 24.035 motion. Counsel was appointed and Defendant filed an amended motion and a request for an evidentiary hearing. On February 11, 1993, the motion court entered findings of fact and conclusions of law denying Defendant's Rule 24.035 motion without an evidentiary hearing.

Defendant now appeals, alleging the motion court erred in denying his ineffective assistance of counsel claim without an evidentiary hearing. On appeal, review of the dismissal of a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Jones v. State*, 820 S.W.2d 729, 730[1] (Mo.App.1991). After the defendant has entered a guilty plea, the effectiveness of his counsel is relevant only to the extent it affects the voluntariness of his plea. *Watt v. State*, 835 S.W.2d 404, 406[2] (Mo.App.1992). If the claim of ineffective assistance of counsel is refuted by the record, defendant is not entitled to an evidentiary hearing on his post-conviction motion. *Id.* Further, a defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel has done everything he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel. *Cramlett v. State*, 800 S.W.2d 813, 813–14 (Mo.App.1990).

Defendant's own testimony refutes his claim of ineffective assistance of counsel. At trial, the following exchange took place:

COURT: Satisfied with Miss Randall's recommendation of you on these cases?

DEFENDANT: Yes, I am.

COURT: Had enough time to discuss these cases with her before you decided to plead guilty?

DEFENDANT: Yes, I have.

COURT: Has she done everything on these cases you wanted her to do before you decided to plead guilty?

DEFENDANT: Yes, she has.

COURT: Can you think of anything, Mr. Hamilton, that Miss Randall hasn't done that you wanted her to do on either one of

these cases before you decided to plead guilty? .

DEFENDANT: No, I cannot.

Based on the above, the court properly found Defendant entered his plea voluntarily. Since Defendant's claim is refuted by the record, he was not entitled to an evidentiary hearing. Further, Defendant's testimony he was satisfied with his attorney and she had done everything he had asked her to do prohibits his later claim to the contrary. *Jones,* 820 S.W.2d at 731.

■ Defendant's point also alleges the motion court clearly erred in upholding the trial court's denial of his motion to withdraw his guilty plea. The order denying Defendant's motion to withdraw his guilty plea is an appealable order. *Belcher v. State,* 801 S.W.2d 372, 374[1] (Mo.App.1991). No appeal was taken from this order; therefore this issue may not be raised in a Rule 24.035 motion. *Id.* Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.