**Dismiss and Opinion Filed March 26, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00371-CR

**DONALD RAY MCCRAY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F87-82980-S**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Donald McCray was convicted of murder in 1992 and sentenced to thirty-five years in prison. This Court affirmed his conviction on direct appeal. *McCray v. State*, 861 S.W.2d 40 (Tex. App.—Dallas 1993, no pet.). The Court now has before it appellant's March 24, 2015 pro se notice of appeal. Appellant does not reference any new appealable order; rather, he seeks to challenge his 1992 conviction and asserts the former presiding judge of the 282nd Judicial District Court is refusing to rule on appellant's motion for permission to appeal that conviction. We conclude we lack jurisdiction over this appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 984, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 697–97 (Tex. Crim. App. 2008)). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.— Dallas 1998, no pet.); *see also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right to appeal by defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar*, 820 S.W.2d 729, 794 (Tex. Crim. App. 1991); *Wright*, 969 S.W.2d at 589.

Appellant's sentence was imposed in open court on July 14, 1992, and he appealed at that time. Appellant's March 24, 2015 notice of appeal does not reference any new appealable order. Rather, he complains the former presiding judge of the trial court has not ruled on his motion seeking another appeal from his 1992 conviction. Appellant's March 24, 2015 notice of appeal is untimely as to the 1992 conviction, and he presents nothing else over which we have jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523; *Wright*, 969 S.W.2d at 589.

We dismiss the appeal for want of jurisdiction.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150371F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DONALD RAY MCCRAY, Appellant

No. 05-15-00371-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F87-82980-S.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered March 26, 2015.